# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 18-1465V
### (not to be published)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| ANNTOINETTE REYNOLDS, *on behalf of* | \* |
| *MICHAEL REYNOLDS (DECEASED)*, | \* |
| | \* Filed: June 21, 2019 |
| | \* |
| | \* |
| Petitioner, | \* *Pro Se* Costs; Voluntary Dismissal. |
| v. | \* |
| | \* |
| SECRETARY OF HEALTH AND | \* |
| HUMAN SERVICES, | \* |
| | \* |
| Respondent. | \* |
| | \* |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Anntoinette Reynolds, pro se*, Mountain Home, ID.

*Heather L. Pearlman*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION AWARDING COSTS[1]

On September 24, 2018, Anntoinette Reynolds filed a Petition on behalf of the late Michael Reynolds, seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program").[2] Petitioner alleged that Mr. Reynolds developed Transverse Myelitis after receiving the influenza vaccine on December 10, 2015. Pet. at 2 (ECF No. 1).

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims's website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012)). **This means that the Decision will be available to anyone with access to the internet.** As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its current form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended, 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to § 300aa of the Act.

Despite diligent efforts, Petitioner was unable to find an attorney to represent her in these proceedings, and determined thereafter that she did not wish to move forward *pro se*. *See* Mot. for Cost at 1, filed May 28, 2019 (ECF No. 12) ("Mot."). She filed a Rule 21(a) Stipulation of Dismissal on May 28, 2019 (ECF No. 11), and I issued an Order Concluding Proceedings the following day (ECF No. 13).

Petitioner now requests reimbursement of her only cost incurred in this litigation, the $400.00 filing fee that was paid on October 25, 2018. Mot. at 1. Respondent filed a response to Petitioner's Motion on June 21, 2019, indicating that he does not object to the request (ECF No. 15).

The Vaccine Act does not require petitioners to prevail on their claims in order to be awarded attorney's fees and costs. *See* Section 15(e)(1)(B). Here, it appears that Petitioner's claim could have been viable had she decided to proceed, and the basis for her decision to end the petition—an inability to attract counsel to represent her in this matter—should not be held against her, especially given her prompt determination to dismiss the matter before excessive time and expense was devoted to it. Accordingly, I find that the requested cost reimbursement is reasonable and will be awarded.

I hereby award the requested costs in full, a sum of **$400.00**, in the form of a check payable to Petitioner. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of this decision.[3]

**IT IS SO ORDERED.**

Brian H. Corcoran
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.